Teresa Trucchi, Esq. (#135543)
SUPPA, TRUCCHI & HENEIN, LLP
3055 India Street
San Diego, CA 92103-6013
Telephone No. (619) 297-7330
Fax No. (619) 297-9658
email: tat@suppalaw.com
Attorney for Plaintiff TRINA EVANS

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRINA EVANS, Plaintiff; v. UNITED STATES OF AMERICA Defendant. | Case No.: '17CV0874 GPC BGS<br>**COMPLAINT FOR DAMAGES**<br>**MEDICAL NEGLIGENCE**<br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT**

Plaintiff, Trina Evans ("Evans"), by counsel, for her Complaint against the Defendant, United States of America, states as follows:

**JURISDICTION AND VENUE**

1. This is an action against the defendant United States of America under the Federal Torts Claims Act (28 U.S.C. Section 2671 *et. seq.*) and 28 U.S.C. Section 1346(b)(1), for negligence and professional malpractice in connection with medical care provided to Plaintiff Evans by the following Federal entities and employees: IARA DEL MAR MELENDEZ BERRIOS M.D.; IFRAH ABDILLAHI ABDI, M.D.; FAMILY HEALTH CENTER OF SAN DIEGO, A California Corporation dba LOGAN HEIGHTS FAMILY HEALTH CENTER located at 1809 National Avenue; San Diego, CA 92113

2. The claims herein are brought against the Defendant pursuant to the Federal Torts Claim Act (28 U.S.C. Section 2671 *et. seq.*) and 28 U.S.C. Section 1346(b)(1) for money damages as compensation for personal injuries caused by the Defendant's negligence.

/////

3. Plaintiff Evans has fully complied with the provisions of 28 U.S.C. Section 2675 of the Federal Tort Claims Act by presenting *Standard Form 95* on or about April 5, 2016.

4. This suit has been timely filed, in that Plaintiff Evans timely served notice of her claim less than two years after the incident forming the basis of this suit.

5. Plaintiff Evans is now filing this Complaint pursuant to 28 U.S.C. Section 2675(a) as the United States of America has failed to send a "final denial of administrative claim", or take other action on the claim, within six (6) months of the presentation of the claim.

## **PARTIES, JURISDICTION AND VENUE**

6. Plaintiff Evans is, and at all times relevant hereto was, a resident of San Diego County, California.

7. Defendant United States of America, is responsible for the following Federal entities and employees: IARA DEL MAR MELENDEZ BERRIOS M.D.; IFRAH ABDILLAHI ABDI, M.D.; FAMILY HEALTH CENTER OF SAN DIEGO, A California Corporation dba LOGAN HEIGHTS FAMILY HEALTH CENTER located at 1809 National Avenue; San Diego, CA 92113.

8. Defendant United States of America, including its directors, officers, operators, administrators, employees, agents and staff at FAMILY HEALTH CENTER OF SAN DIEGO, A California Corporation dba LOGAN HEIGHTS FAMILY HEALTH CENTER located at 1809 National Avenue; San Diego, CA 92113 are hereinafter collectively referred to as "Family Health Center".

9. At all times relevant to this Complaint, IARA DEL MAR MELENDEZ BERRIOS M.D.; IFRAH ABDILLAHI ABDI, M.D.; FAMILY HEALTH CENTER OF SAN DIEGO, A California Corporation dba LOGAN HEIGHTS FAMILY HEALTH CENTER held themselves out to the Plaintiff and eligible beneficiaries, as a provider of high quality health care services, with the expertise necessary to maintain the health and safety of patients like the Plaintiff.

10. At all times relevant to this Complaint, the directors, officers, operators administrators employees, agents and staff were employed by and/or acting on behalf of the Defendant. Furthermore, the Defendant is responsible for the negligent acts of their employees and agents under respondeat superior.

/////

11. Jurisdiction is property under 28 U.S.C. Section 1346(b)(1).

12. Venue is proper under 28 U.S.C. Section 1402(b) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the Southern District of California.

**STATEMENT OF FACTS**

13. TRINA EVANS contends that the surgery performed by IARA DEL MAR MELENDEZ BERRIOS M.D.; IFRAH ABDILLAHI ABDI, M.D. on October 2, 2014 was below the standard of care.

14. TRINA EVANS further contends that the follow up care and treatment provided by IARA DEL MAR MELENDEZ BERRIOS M.D.; IFRAH ABDILLAHI ABDI, M.D.; and agents and employees of FAMILY HEALTH CENTER OF SAN DIEGO, A California Corporation dba LOGAN HEIGHTS FAMILY HEALTH CENTER for the surgery performed by IARA DEL MAR MELENDEZ BERRIOS M.D.; IFRAH ABDILLAHI ABDI, M.D. after the surgery on October 2, 2014 was below the standard of care.

15. On or about October 2, 2014 Trina Evans had a laparoscopic assisted vaginal hysterectomy with bilateral salpingo-oophorectomy performed by surgeon Iara Del Mar Melendez-Berrios, M.D. with assistance provided by Ifarah Abdi M.D.

16. Further, the physicians failed provide proper follow up care to Ms. Evans and, as a result, the infection was allowed to spread extensively and result in sepsis. The surgery was on Thursday October 2, 2014. Ms. Evans was discharged on Friday, October 3, 2014. Over the weekend she felt progressively worse (bleeding, pain, odor) and called the physicians repeatedly on Monday October 6, 2014 to ask for a further evaluation. The doctors ignored her phone calls. An assistant spoke to her on Monday, October 6, 2014 but the doctors did not take or return her calls. After several more phone calls, on October 8, 2014, Ms. Evans was told by the doctor to "*keep taking (her) Motrin*".

17. Ms. Evans passed out from the pain and other symptoms at her Mother's house on 3:00 a.m. on October 9, 2014. Due to the lack of any response from her surgeons, she was taken to Riverside Hospital on October 9, 2014. On October 9, 2014 Iara Del Mar Melendez-Berrios, M.D. returned a phone call and told Ms. Evans that he "*thought she was OK*" but that he "*did not want to ignore her calls*". He told her that the bleeding was likely from her rectum (that's why there was an odor per the doctor) but that he would see her at the clinic if she wished. However, at the time that the call was

placed, Ms. Evans was already on her way to Riverside Hospital where she was diagnosed with a severe infection, septic, had to receive seven (7) pints of blood and ultimately undergo multiple surgical procedures leaving her with permanent disfigurement, disability and extensive scarring.

18. Following the surgery, Ms. Evans was diagnosed with a colovaginal fistula which required surgical repair on or about October 9, 2014 and which was performed at Riverside Community Hospital. Mrs. Evans' complications from the surgery have left her in physical pain and forced her to have a colostomy procedure and ultimately several other surgical procedures to repair the damage caused by the negligent surgery and failure to provide appropriate follow up care. The colostomy procedure was not reversed until March 19, 2015 and she was forced to endure a colonoscopy bag this entire time.

19. The original laparoscopic assisted vaginal hysterectomy with bilateral salpingo-oophorectomy surgery should not have been laproscopic due to an ovarian cyst. The surgeons involved in the surgery knew this and failed to take the necessary precautions or alter their surgical procedures despite this knowledge.

20. As a result of the surgery Ms. Evans fell into septic shock and was forced to undergo corrective surgery as well as a colostomy in order to correct her condition, causing her suffer from extensive pain and suffering and permanent disabilities. She has sustained two hernias – one has been repaired and one is still ongoing – and several surgical procedures.

21. TRINA EVANS contends that she sustained damages and injuries as a result of the failure to perform the surgery within the standard of care and the failure to provide adequate follow up care and treatment for this surgery within the standard of care. The injuries and damages sustained include, but are not limited to, extreme aggravation of her condition, infection, sepsis, need for colonoscopy and prolonged use of external colonoscopy bag, scarring and disfigurement, pain and suffering and related damages and injuries as established by proof at the time of trial

## FIRST CAUSE OF ACTION

## MEDICAL NEGLIGENCE / VICARIOUS LIABILITY, RESPONDEAT SUPERIOR, OSTENSIBLE AGENCY AND/OR AGENCY

22. Plaintiff realleges paragraphs 1 through 21 of this complaint as though set forth in full.

/////

23. At all times relevant to this case, the directors, officers, operators, administrators, employees, agents, and staff were employed by and./or acting on behalf of Defendant.

24. At all relevant times to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff acted within their respective capacities and scopes of employment for the Defendant.

25. The directors, officers, operators, administrators, employees, agents, and staff negligently and/or recklessly, directly and proximately caused personal injury to Plaintiff including both acts of omission and acts of commission.

26. Defendants by IARA DEL MAR MELENDEZ BERRIOS M.D.; IFRAH ABDILLAHI ABDI, M.D. had a duty to provide the services of a medical professional consistent with the standard of care for their area of practice. This included the duty to perform the proper operative procedure, to perform the surgical procedure pursuant to the standard of care, and to provide adequate follow up services to plaintiff TRINA EVANS and had a duty to provide health care services to the plaintiff consistent with the standard of care.

27. Defendants by IARA DEL MAR MELENDEZ BERRIOS M.D.; IFRAH ABDILLAHI ABDI, M.D. breached their duty to provide the services of a medical professional consistent with the standard of care for their area of practice. This included a breach of the duty to perform the proper operative procedure, to perform the surgical procedure pursuant to the standard of care, to provide adequate follow up services to plaintiff TRINA EVANS and to provide health care services to the plaintiff consistent with the standard of care. Plaintiff's post operative telephone calls and inquiries were not responded to in a reasonable fashion, her requests and needs were not communicated and/or evaluated in a reasonable fashion by individuals properly trained to evaluate the symptoms reported, and as a result, the failure to exercise reasonable care as generally discussed in this paragraph resulted in a delay in the diagnosis and treatment of her severe internal injuries, extreme aggravation of her condition, infection, sepsis, need for colonoscopy and prolonged use of external colonoscopy bag, scarring and disfigurement, pain and suffering and related damages and injuries as established by proof at the time of trial.

/////

28. The agents and employees of FAMILY HEALTH CENTER OF SAN DIEGO Inc., A California Corporation dba LOGAN HEIGHTS FAMILY HEALTH CENTER, had a duty to use reasonable care toward its patients. FAMILY HEALTH CENTER OF SAN DIEGO Inc., A California Corporation dba LOGAN HEIGHTS FAMILY HEALTH CENTER, its agents and employees, had a duty to provide and/or utilize provide procedures, policies, facilities, supplies, and qualified personnel reasonably necessary for the treatment of plaintiff in connection with the follow up post operative care, monitoring and treatment she required.. The agents and employees of FAMILY HEALTH CENTER OF SAN DIEGO Inc., A California Corporation dba LOGAN HEIGHTS FAMILY HEALTH CENTER, had a duty to provide health care services to the plaintiff consistent with the standard of care.

29. FAMILY HEALTH CENTER OF SAN DIEGO Inc., A California Corporation dba LOGAN HEIGHTS FAMILY HEALTH CENTER, its agents and employees, failed to provide and/or utilize provide procedures, policies, facilities, supplies, and qualified personnel reasonably necessary for the treatment of plaintiff in connection with the follow up post operative care, monitoring and treatment she required. The agents and employees of FAMILY HEALTH CENTER OF SAN DIEGO Inc., A California Corporation dba LOGAN HEIGHTS FAMILY HEALTH CENTER, failed to perform their duty to provide health care services to the plaintiff consistent with the standard of care. Plaintiff's post operative telephone calls and inquiries were not responded to in a reasonable fashion, her requests and needs were not communicated and/or evaluated in a reasonable fashion by individuals properly trained to evaluate the symptoms reported, and as a result, the failure to exercise reasonable care as generally discussed in this paragraph resulted in a delay in the diagnosis and treatment of her severe internal injuries, an extreme aggravation of her condition, infection, sepsis, need for colonoscopy and prolonged use of external colonoscopy bag, scarring and disfigurement, pain and suffering and related damages and injuries as established by proof at the time of trial.

30. Plaintiff performed each and every act that was required of her.

31. Defendants, and each one of them, breached the standard of care when they did not provide surgical, health care and medical services consistent with the standard of care.

32. IARA DEL MAR MELENDEZ BERRIOS M.D.; IFRAH ABDILLAHI ABDI, M.D. failed to use the level of skill, knowledge, and care in diagnosis and treatment that other reasonably

careful specialists in their areas of expertise would use in similar circumstances.

33. As a direct and proximate result of the breach of the standard of care as generally outlined above, plaintiff sustained injuries that included ongoing pain and disability, permanent deformity and disability, need for further medical treatment, surgical procedures and rehabilitation, loss of income and earning capacity, out of pocket expenses and medical bills, a delay in the diagnosis and treatment of her severe internal injuries, extreme aggravation of her condition, infection, sepsis, need for colonoscopy and prolonged use of external colonoscopy bag, scarring and disfigurement, pain and suffering and related damages and injuries, other economic losses and physical damages according to proof and general damages according to proof at trial

34. As a direct and proximate result of the acts of the Defendant, as set forth above, Plaintiff was seriously injured as outlined above and as established by proof at the time of trial.

35. The acts and/or omissions set forth above would constitute a claim under the law of the State of California.

36. The Defendant is liable pursuant to 28 U.S.C. Section 1346(b)(1).

**DEMAND FOR JURY TRIAL**

Plaintiff TRINA EVANS hereby demands a trial by jury in the above entitled matter.

**RELIEF REQUESTED**

For the reasons set forth above, plaintiff requests entry of judgment as follows:

**FIRST CAUSE OF ACTION**

1. General damages according to proof;
2. Special and compensatory damages according to proof;
3. Costs of suit; and,
4. For such other and further relief as the Court deems proper.

Dated: SUPPA, TRUCCHI AND HENEIN, LLP

By: /s Teresa Trucchi

TERESA TRUCCHI

ATTORNEY FOR PLAINTIFF

TRINA EVANS